# Commonwealth ex rel., Appellant, v. Heidenreich.

*Road law —Penalty for injuring road—Evidence—Act of June 13, 1836, P. L. 564.*

In an action by a township to recover the penalty provided by the sixty-seventh section of the Act of June 13, 1836, P. L. 564, for filling up a ditch in a public road, the case is for the jury and a judgment on a verdict for defendant will be sustained where the evidence is conflicting as whether there was any ditch, or if there was a ditch, whether it was within the limits of a public road.

160, (1917).] Statement of Facts—Opinion of the Court.

Argued Dec. 4, 1916.   Appeal, No. 85, Oct. T., 1916, by plaintiff, from judgment of C. P. Schuylkill Co., Jan. T., 1915, No. 355, on verdict for defendant in case of Commonwealth ex rel. Ryan Township v. W. H. Heidenreich.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Assumpsit to recover a penalty of $20 for filling up a ditch.   Before BRUMM, J.

The opinion of the Superior Court states the case.

Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in refusing binding instructions for plaintiff.

*T. H. B. Lyon,* for appellant.

*John O. Ulrich,* with him *John F. Whalen,* for appellee.

OPINION BY ORLADY, P. J., March 16, 1917:

The right of the township in this case to recover the penalty imposed by the 67th section of the Act of June 13, 1836, P. L. 564, known as the general road law, as follows: "If any person shall stop, fill up or injure any drain or ditch, made by any supervisor for the purpose of draining the water from any public road or highway, or shall divert or change the course thereof, without the authority of the supervisors for the time being, such person shall, for every such offense, forfeit and pay a sum not less than four dollars ($4), or more than twenty ($20) dollars," depends entirely on the proof of the acts prohibited by the statute.   The defense was that the road was not a public highway; that the drain complained of was on the defendant's own property; that the diverted water accumulating there was delivered upon private property; and that the ditch was made

necessary (to enable the defendant to get to his improvements) by the unauthorized act of the supervisors. The character of the ditch, its location and use, were subjects of earnest controversy, and the whole question was submitted to the jury in a fair and adequate manner by the trial judge. The sole question being whether the defendant made the admitted changes of the water course without the consent of the supervisors in office at the time. The jury resolved the disputed facts in the defendant's favor upon ample evidence.

The irregularities in the record suggested in the motion to quash, may well be waived, as we are of the opinion that the plaintiff did not present sufficient testimony to warrant the jury in finding that the terms of this act of assembly had been violated.

The judgment is affirmed.